UNITED STATES of America, Appellee,

v.

Major Samson DILLARD, Appellant.

No. 92–1849.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 14, 1992.

Decided Oct. 5, 1992.

Andrea K. George, Minneapolis, Minn., for appellant.

Jeffrey S. Paulsen, Minneapolis, Minn., for appellee.

Before RICHARD S. ARNOLD, Chief Judge, HENLEY, Senior Circuit Judge, and FAGG, Circuit Judge.

FAGG, Circuit Judge.

Major Samson Dillard appeals the district court's denial of his motion for a downward departure from the applicable sentencing guidelines range based on his mental condition. We affirm.

Dillard pleaded guilty to a violent crime. At sentencing, Dillard requested a downward departure because his paranoid schizophrenia was a "mitigating circumstance ... not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b) (1988); U.S.S.G. § 5K2.0 (Nov. 1991). The district court found Dillard suffered from diminished mental capacity, but concluded it lacked authority to depart downward under section 5K2.0 because the Sentencing Commission took diminished mental capacity into consideration in formulating U.S.S.G. § 5K2.13 (Nov.1991). We have jurisdiction to review Dillard's claim that the district court believed it lacked authority to depart downward from the guidelines range. *United States v. Garlich,* 951 F.2d 161, 163 (8th Cir.1991).

Although "[m]ental and emotional conditions are not ordinarily relevant in determining whether a sentence would be outside the applicable guideline range," U.S.S.G. § 5H1.3 (Nov. 1991), a court may depart under the conditions specified in section 5K2.13. That section provides:

> If the defendant committed a non-violent offense while suffering from significantly reduced mental capacity not resulting from voluntary use of drugs or other intoxicants, a lower sentence may be warranted to reflect the extent to which reduced mental capacity contributed to the commission of the offense, provided that the defendant's criminal histo-

ry does not indicate a need for incarceration to protect the public.

U.S.S.G. § 5K2.13 (Nov. 1991).

We conclude the Sentencing Commission adequately considered the circumstances for downward departure based on diminished mental capacity when it formulated section 5K2.13, thus foreclosing consideration of diminished mental capacity under section 5K2.0. Because Dillard committed a violent offense, he is not entitled to a downward departure under section 5K2.13. *United States v. Sanchez,* 933 F.2d 742, 747 (9th Cir.1991); *United States v. Russell,* 917 F.2d 512, 517 (11th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 1427, 113 L.Ed.2d 479 (1991); *United States v. Rosen,* 896 F.2d 789, 791 (3d Cir.1990); *United States v. Maddalena,* 893 F.2d 815, 818–19 (6th Cir.1989). *But see United States v. Spedalieri,* 910 F.2d 707, 711 (10th Cir. 1990) (district court may exercise discretion). Thus, we agree with the district court that it lacked authority to depart downward.

Accordingly, we affirm.