982 F.2d 526
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of AMERICA, Appellee,
v.
James Dewayne KILBY, Appellant.
 No. 92-2461.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 14, 1992.
Filed: December 21, 1992.
 
 Before MAGILL and BEAM, Circuit Judges, and LARSON,* Senior District Judge.
 PER CURIAM.
 
 
 1
 James Dewayne Kilby appeals the 138-month prison sentence imposed on him by the district court[1] following his guilty pleas to conspiring to distribute controlled substances, in violation of 21 U.S.C. § 846, and using and carrying a firearm in relation to a drug crime, in violation of 18 U.S.C. §§ 2, 924(c)(1). He argues the district court erred in denying his request for a downward departure based upon his mental condition, age, and family characteristics. We affirm.
 
 
 2
 Because Kilby asserts that his diminished mental capacity resulted from his drug use, we conclude the district court could not depart under U.S.S.G. § 5K2.13, p.s., which provides that a lower sentence may be warranted "[i]f the defendant committed a non-violent offense while suffering from significantly reduced mental capacity not resulting from voluntary use of drugs...." Additionally, we recently held that "the Sentencing Commission adequately considered the circumstances for downward departure based on diminished mental capacity when it formulated section 5K2.13, thus foreclosing consideration of diminished mental capacity under [U.S.S.G. § 5K2.0, p.s.]." United States v. Dillard, 975 F.2d 1554, 1555 (8th Cir. 1992). We also conclude, therefore, the district court lacked authority to depart under section 5K2.0 on the basis of diminished mental capacity.
 
 
 3
 The Sentencing Guidelines provide that age and family ties and responsibilities are not ordinarily relevant in determining whether a sentence should be outside the applicable guidelines range. U.S.S.G. §§ 5H1.1, 5H1.6, p.s. Although departures are allowed for aggravating or mitigating circumstances which the Sentencing Commission did not adequately take into consideration when formulating the guidelines, see 18 U.S.C. § 3553(b); U.S.S.G. § 5K2.0, refusals to so depart are not reviewable, see, e.g., United States v. Oransky, 908 F.2d 307, 309 (8th Cir. 1990) (holding district court's discretionary refusal to depart downward based on defendant's family circumstances not reviewable). Kilby asserts that the district court's sentence was based on an "incorrect application of the sentencing guidelines." We conclude, however, the district court's refusal to depart based on Kilby's age and family characteristics was an exercise of its discretion, which is not reviewable.
 
 
 4
 Accordingly, we affirm.
 
 
 
 *
 THE HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation
 
 
 [1]
 The Honorable Harold D. Vietor, Chief Judge, United States District Court for the Southern District of Iowa