UNITED STATES of America, Plaintiff–Appellee, Cross–Appellant,

v.

Dennis BRAXTON aka Dennis Baxter, Defendant–Appellant, Cross–Appellee.

No. 92–9263.

United States Court of Appeals, Eleventh Circuit.

May 4, 1994.

Rehearing Denied June 17, 1994.

Michael H. Saul, Marietta, GA, for defendant-appellant.

David C. Nutter, Asst. U.S. Atty., Atlanta, GA, for plaintiff-appellee.

Before BIRCH, Circuit Judge, RONEY and CLARK, Senior Circuit Judges.

PER CURIAM:

The appellant, Dennis Braxton, appeals his convictions for armed robbery and carrying a firearm during the commission of a felony. The government cross-appeals the district court's downward departure from the sentencing guidelines. We affirm Braxton's conviction, reverse the district court's downward departure, and remand for resentencing.

## I. BRAXTON'S APPEAL

Braxton raises six issues on appeal: (1) whether the district court erred by admitting Braxton's confession when FBI agents allegedly continued their interrogation following Braxton's equivocal request for an attorney; (2) whether Braxton's waiver of rights was knowing and voluntary; (3) whether the court erred by recharging the jury and stating that the admissibility of statements made by the defendant is a question of law to be determined by the court; (4) whether the government unlawfully used its peremptory challenges to exclude black jurors; (5) whether the court violated the best evidence rule by not requiring a written version of the FBI policy on recording defendants' statements; and (6) whether the court erred by instructing the jury that "beyond a shadow of a doubt" and "beyond all possible doubt" are synonymous. Having examined each of these issues carefully and finding each argument meritless, we affirm pursuant to 11th Cir.Rule 36–1.

## II. GOVERNMENT'S CROSS-APPEAL

The government cross-appeals the court's downward departure in sentencing Braxton. Braxton's criminal history category was I, and his base offense level was 24, giving him a presumptive guideline range of 51–63 months for the armed robbery conviction. The district court, however, granted a downward departure of four levels to offense level 20 and sentenced Braxton to 33 months. Braxton's sentence on the firearm conviction was 60 months, to be served consecutively with the armed robbery sentence.

The district court's decision that it had the authority to depart downward from the applicable guideline range is a question of law subject to our plenary review. *United States v. Costales,* 5 F.3d 480, 483 (11th Cir.1993). In his brief, Braxton presents several justifications for the court's downward departure. The district court, however, expressly provided the basis for its downward departure, specifically rejecting all other proffered justifications. The court stated that its decision to depart downward was based on "Braxton's mental state at this point which I think is a function to some degree of past abuse." [1] R5–399.

Braxton contends that this type of departure is justified under section 5K2.0 of the sentencing guidelines. *See* United States Sentencing Commission, *Guidelines Manual,* § 5K2.0, p.s. (Nov. 1992). That section provides that

> the sentencing court may impose a sentence outside the range established by the applicable guideline, if the court finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, *not adequately taken into consideration* by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described."

*Id.* (emphasis added) (quoting 18 U.S.C. § 3553(b)). Contrary to Braxton's argument, we find that the sentencing commission explicitly contemplated a defendant's mental condition in formulating the sentencing guidelines.

Section 5H1.3 of the guidelines provides that "[m]ental and emotional conditions are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range, except as provided in Chapter Five, Part K, Subpart 2 (Other Grounds for Departure)." U.S.S.G. § 5H1.3, p.s. Of the sixteen "other grounds" enumerated in Chapter Five, Part K, Subpart 2, only one is even marginally relevant to the instant case. Section 5K2.13, entitled "Diminished Capacity," provides as follows: "If the defendant committed a *non-violent offense* while suffering from significantly reduced mental capacity ... a lower sentence may be warranted...." U.S.S.G. § 5K2.13, p.s. (emphasis added). Section 5K2.13 does not apply to Braxton, however, because armed robbery is not a "non-violent offense." *See United States v. Russell,* 917 F.2d 512, 517 (11th Cir.1990), *cert. denied,* 499 U.S. 953, 111 S.Ct. 1427, 113 L.Ed.2d 479 (1991).

We therefore hold that a defendant's mental condition *is* adequately contemplated by the sentencing guidelines [2] and that Braxton does not come within any of the relevant provisions.[3] Finding that the court erred by granting the motion for downward departure, we reverse and remand to the district court for resentencing.

AFFIRMED in part, REVERSED in part, and REMANDED.

---

**1.** Although the court also referred to Braxton as a "very immature young man," R5–399, the court expressly recognized that "under the Sentencing Guidelines the court cannot take into consideration the age of the offender," *id.* We therefore do not address Braxton's youth as a basis for the downward departure. Braxton's alleged lack of youthful guidance, however, is addressed below. *See infra* note 3.

**2.** Our holding is in agreement with several other circuits that have considered the issue. *E.g.,*

*United States v. Dillard,* 975 F.2d 1554, 1555 (8th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1389, 122 L.Ed.2d 764 (1993); *United States v. Lauzon,* 938 F.2d 326, 333 (1st Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 450, 116 L.Ed.2d 468 (1991).

**3.** Braxton makes two other arguments, which we find meritless. First, Braxton states that section 5H1.6 *"implies* that in unusual situations a Defendant's relationship with his family may be a ground for departure." Reply Brief of Appellant

at 5 (emphasis added). The actual language of section 5H1.6 provides that "[f]amily ties and responsibilities and community ties are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." U.S.S.G. § 5H1.6, p.s. Though Braxton's interpretation of section 5H1.6 may be plausible semantically, we find that Braxton's family relationship is not of the type that may, in the most extraordinary circumstances, warrant departure from the guidelines.

Second, Braxton argues that the downward departure may be justified by his "lack of guidance as a youth." Reply Brief of Appellant at 5. Like Braxton's family relationship discussed above, Braxton's upbringing was not sufficiently extraordinary to justify a downward departure. Therefore, even if the district court had relied on Braxton's alleged lack of youthful guidance, such reliance would be unwarranted.