UNITED STATES of America, Appellee,

v.

Yoganand **PREMACHANDRA,** Appellant.

No. 94–1727.

United States Court of Appeals,
Eighth Circuit.

Submitted July 25, 1994.

Decided Aug. 9, 1994.

---

Richard H. Sindel, Clayton, MO, for appellant.

Thomas J. Mehan, St. Louis, MO, for appellee.

Before FAGG, WOLLMAN, and BEAM, Circuit Judges.

WOLLMAN, Circuit Judge.

Yoganand Premachandra pleaded guilty to armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d). The district court[1] accepted his plea and sentenced him to fifty-one months' imprisonment. Premachandra appeals his convictions and sentence. We affirm.

## I.

On July 25, 1992, Premachandra entered the First National Bank of St. Louis wearing a facial disguise and carrying an empty briefcase. After approaching a teller, he pulled out a pellet gun and demanded money. Premachandra escaped with more than $5,000 in cash. Approximately one year later, on June 19, 1993, Premachandra entered the same institution wearing a ski mask and carrying a large revolver-like weapon. He pointed the weapon at the tellers and demanded that they fill a backpack with money. Leaving with nearly $10,000 in cash, Premachandra fled in a vehicle which had the rear license plate covered.

Following his arrest and indictment, Premachandra, who has had a history of psychological problems, was ordered to undergo a mental evaluation at the United States Medical Center for Federal Prisoners. Although the examiners concluded that he was suffering from a mental illness, they opined that he was competent to stand trial. Shortly after the mental evaluation was completed, Premachandra withdrew his not guilty plea and entered a guilty plea.

## II.

] We first consider Premachandra's argument that the district court should have held a competency hearing before accepting his guilty plea. It is well established that an incompetent defendant may not make a valid guilty plea. *Godinez v. Moran,* —— U.S. ——, ——, 113 S.Ct. 2680, 2685, 125 L.Ed.2d 321 (1993); *United States v. Day,* 949 F.2d 973, 981 (8th Cir.1991) (citing *Boykin v. Alabama,* 395 U.S. 238, 242, 89 S.Ct. 1709, 1711–12, 23 L.Ed.2d 274 (1969)). Due process requires that a district court conduct a competency hearing, either upon a motion or sua sponte, whenever there is a sufficient doubt about the defendant's competence. *Weisberg v. Minnesota,* 29 F.3d 1271, 1275–1276 (8th Cir.1994); *Day,* 949 F.2d at 981 (citing *Drope v. Missouri,* 420 U.S. 162, 172, 95 S.Ct. 896, 904, 43 L.Ed.2d 103 (1975); *Pate v. Robinson,* 383 U.S. 375, 385, 86 S.Ct. 836, 842, 15 L.Ed.2d 815 (1966)). "Although there are no facts which invariably create a sufficient doubt about a defendant's competency, attention should be paid to any evidence of his irrational behavior, his demeanor before the trial court, available medical evaluations, and whether trial counsel questioned the defendant's competency before the court." *Id.* at 982 (citing *Drope,* 420 U.S. at 180, 95 S.Ct. at 908; *Speedy v. Wyrick,* 748 F.2d 481, 486–87 (8th Cir.1984), *cert. denied,* 471 U.S. 1019, 105 S.Ct. 2028, 85 L.Ed.2d 308 (1985)).

██ An extensive mental evaluation at the United States Medical Center for Federal Prisoners revealed that "Mr. Premachandra is not presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist

1. The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

properly in his defense."[2] The evaluation also concluded that Premachandra was in need of continuing treatment for a mood disorder as well an anxiety disorder. Premachandra, relying on *Griffin v. Lockhart*, 935 F.2d 926 (8th Cir.1991), therefore contends that the medical evidence before the district court was inconclusive and should have raised sufficient doubt to warrant a competency hearing. We disagree, for in *Griffin* the medical opinion evidence was inconclusive because the examiners were unable to arrive at a consensus concerning Griffin's competence. *Id.* at 930–31. Premachandra's examiners, on the other hand, were able to agree that he was competent. Furthermore, at the change-of-plea hearing, Premachandra's trial counsel did not request that the district court conduct a competency hearing. In fact, after noting that the report from the United States Medical Center for Federal Prisoners concluded that Premachandra was competent to stand trial, the district court asked Premachandra's attorney if he had any comment in connection with the report. Premachandra's attorney responded that the expert witnesses that his client had retained had reached the same conclusion and that they "would have no evidence to contradict in any way that finding as far as competency is concerned." Finding no error in the district court's decision not to conduct an in depth competency hearing, we affirm Premachandra's convictions.

■ We now consider Premachandra's challenges to his sentence. He first argues that the district court misapplied the Sentencing Guidelines when it determined that offenses for which he was convicted were not nonviolent crimes. Section 5K2.13 provides, in part, that a downward departure may be warranted "[i]f the defendant committed a non-violent offense while suffering from significantly reduced mental capacity." United States Sentencing Comm'n, *Guidelines Manual*, § 5K2.13, p.s. (Nov.1993). We review de novo the district court's application of the Sentencing Guidelines. *United States v. Strassburger*, 26 F.3d 860 (8th Cir.1994).

Section 5K2.13 does not define "non-violent offense." At the sentencing hearing, the government urged the district court to define nonviolent offense by referring to section 4B1.2(1)(i), which defines "crime of violence." *See, e.g., United States v. Cantu*, 12 F.3d 1506, 1513 (9th Cir.1993); *United States v. Russell*, 917 F.2d 512, 517 (11th Cir.1990), *cert. denied*, 499 U.S. 953, 111 S.Ct. 1427, 113 L.Ed.2d 479 (1991); *United States v. Rosen*, 896 F.2d 789, 791 (3d Cir.1990); *United States v. Maddalena*, 893 F.2d 815, 819 (6th Cir.1989). Under this approach, a nonviolent offense is one that does not have "as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(1)(i). The commentary accompanying section 4B1.2 expressly states that robbery is a crime of violence. *Id.* § 4B1.2, comment. (n. 2).

The district court declined to adopt this approach, however. Instead, the court simply considered the facts and circumstances of the robberies for which Premachandra was convicted and determined that they were not nonviolent. *See United States v. Chatman*, 986 F.2d 1446, 1452 (D.C.Cir.1993) ("when deciding whether a particular crime qualifies as a 'non-violent offense,' [a district court] should consider all the facts and circumstances surrounding the commission of the crime."); *United States v. Poff*, 926 F.2d 588 (7th Cir.1991) (Easterbrook, J., dissenting) (rejecting argument that "non-violent offense" and "crime of violence" are mutually exclusive), *cert. denied*, —— U.S. ——, 112 S.Ct. 96, 116 L.Ed.2d 67 (1991). For the reasons discussed below, we agree with the district court that Premachandra's offenses, based upon the surrounding facts and circumstances, were not nonviolent. Accordingly, we need not consider the government's argument that robbery is not a nonviolent offense because it is within the section 4B1.2 crime-of-violence definition.

Premachandra contends that his crimes were nonviolent because he used a pellet

---

**2.** A defendant is competent if he "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "has a rational as well as factual under- standing of the proceedings against him." *Dusky v. United States,* 362 U.S. 402, 402, 80 S.Ct. 788, 789, 4 L.Ed.2d 824 (1960) (per curiam).

gun.[3] We disagree. In *McLaughlin v. United States,* the Supreme Court held that an unloaded handgun is a "dangerous weapon" within the meaning of 18 U.S.C. § 2113(d). 476 U.S. 16, 17, 106 S.Ct. 1677, 1678, 90 L.Ed.2d 15 (1986). The Court recognized that "the display of a gun instills fear in the average citizen; as a consequence, it creates an immediate danger that a violent response will ensue." *Id.* at 17–18, 106 S.Ct. at 1678. Relying on *McLaughlin,* we have held that a pellet gun is a dangerous weapon warranting a base offense level increase pursuant to section 2B3.1(b)(2). *See United States v. Elliott,* 992 F.2d 853, 858–59 (8th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 2139, 128 L.Ed.2d 868 (1994); *United States v. Gray,* 895 F.2d 1225, 1226 (8th Cir.1990) (per curiam). For the same reasons that unloaded handguns and pellet guns are dangerous, a robbery committed using such devices are not nonviolent offenses. *See United States v. Martinez–Jimenez,* 864 F.2d 664, 666–67 (9th Cir.) (explaining why a robbery committed using a toy gun is dangerous), *cert. denied,* 489 U.S. 1099, 109 S.Ct. 1576, 103 L.Ed.2d 942 (1989). Accordingly, because the offenses for which Premachandra were convicted were not nonviolent, the district court had no authority to depart downward pursuant to section 5K2.13. *United States v. Dillard,* 975 F.2d 1554, 1555 (8th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1389, 122 L.Ed.2d 764 (1993).

■ Finally, we consider Premachandra's argument that his offenses were single acts of aberrant behavior which justified a downward departure. Because Premachandra failed to raise this issue at his sentencing hearing or in a written objection to the presentence investigation report's recommendation that there are no factors which would warrant a departure, we review for plain error. *United States v. Carnes,* 945 F.2d 1013, 1014 (8th Cir.1991); *see also United States v. Rosalez–Cortez,* 19 F.3d 1210, 1220 (7th Cir.1994) (reviewing for plain error district court's refusal to depart downward for a single act of aberrant behavior when defendant did not request such a reduction).

■ Because the Sentencing Commission did not consider single acts of aberrant behavior when formulating the guidelines, we have recognized that a spontaneous and seemingly thoughtless act may be a basis for departure. *See United States v. Garlich,* 951 F.2d 161, 164 (8th Cir.1991). The robberies that Premachandra committed were neither spontaneous nor thoughtless. To the contrary, the record indicates that the robberies were planned rather than impulsive. Premachandra took steps to avoid apprehension, wearing a facial disguise and covering the rear license plate of the getaway vehicle. Additionally, although he contends that the robberies were not committed to obtain money, he entered the bank with an empty briefcase or backpack in which stolen money could be carried. Accordingly, we find no plain error—indeed, no error at all.

The convictions and sentence are affirmed.

3. In his brief, Premachandra relies on the fact that bank personnel and witnesses told police and FBI agents that they believed that the gun used in the 1992 robbery was a toy or water gun. At the time of his guilty plea, however, Premachandra signed a Stipulation of Facts which stated that he had used a pellet gun during the 1992 robbery and a large revolver-like weapon during the 1993 robbery.