**UNITED STATES of America, Appellee,**

v.

**Darrin JACKSON, Appellant.**

No. 94–3401.

United States Court of Appeals,
Eighth Circuit.

Submitted March 13, 1995.

Decided June 8, 1995.

Jeffrey P. Heineman, Omaha, NE, argued for appellant.

Robert F. Kokrda, Omaha, NE, argued (Thomas J. Monaghan, on the brief) for appellee.

Before McMILLIAN, FAGG and HANSEN, Circuit Judges.

McMILLIAN, Circuit Judge.

Darrin Jackson appeals from a final judgment entered in the United States District Court[1] for the District of Nebraska, after a guilty plea, sentencing him to thirty (30) months imprisonment, two years of supervised release, and a special assessment. For reversal, Jackson argues that the district court erred in refusing to grant him a downward departure from his sentence for diminished mental capacity. For the reasons discussed below, we affirm.

### I. BACKGROUND

On December 20, 1993, shortly after noon, Jackson entered the Commercial Federal Bank in Omaha and approached teller Holly Eisenberg. Jackson announced that "this is

---

1. The Honorable Thomas M. Shanahan, United States District Judge for the District of Nebraska.

a robbery" and told her to put money in a brown plastic grocery bag. Jackson then pulled up his shirt to reveal what looked like a silver-barreled handgun stuck in the waistband of his pants. Eisenberg put $1,652.00 in cash in the bag and handed it to Jackson, who proceeded to exit the bank.

Eisenberg told her husband, who had been waiting in line at the time, that she had just been robbed and told him to follow Jackson. Her husband and a friend, Hadley, followed Jackson by car. Eisenberg eventually dropped off Hadley to continue the pursuit by foot and returned to the bank to provide the police with the whereabouts of the robber. The police apprehended Jackson shortly thereafter. The handgun carried by Jackson turned out to be a toy gun.

Jackson waived his *Miranda* rights and told the police that he had robbed the bank in order to buy Christmas presents. Upon a defense motion, Jackson was examined by a psychologist in order to determine his competency to stand trial. The psychologist found that Jackson had an intelligence quotient (I.Q.) of 76, but determined that he was competent to stand trial. Jackson was later examined by another psychologist for purposes of sentencing.

Jackson was charged with bank robbery in violation of 18 U.S.C. § 2113(a). He initially entered a plea of not guilty, but later, pursuant to a plea agreement, changed his plea to guilty. The government agreed not to make any recommendation as to the sentence. Jackson filed a motion for downward departure under U.S.S.G. § 5K2.0, which the district court construed as a motion under § 5K2.13.[2]

The district court denied the motion. *See United States v. Jackson*, No. 8:CR94–00011 (D.Neb. Sept. 8, 1994) (Sentencing Memorandum). It found that Jackson was ineligible for a downward departure under § 5K2.13 because he had sufficient mental capacity to understand the consequences of his actions.

The district court noted his employment history, military service, honorable discharge from the National Guard, and graduation from high school. After a careful review of the facts of the case, the district court also found that § 5K2.13 did not apply because the offense charged was not a non-violent offense in view of Jackson's threatened use of a firearm, even though the gun was only a facsimile.

## II. DISCUSSION

Jackson argues that the district court erred in automatically applying the career offender definition of a "crime of violence" in § 4B1.2(1)(i) to determine what is a "non-violent crime" under § 5K2.13. Jackson argues the district court should have considered all the facts and circumstances surrounding the commission of the crime and should not have used a categorical approach.

The refusal to grant a downward departure is an unreviewable exercise of discretion on the part of the sentencing judge. *United States v. Elkins*, 16 F.3d 952, 954 (8th Cir.1994). However, "[t]his court may review the district court's decision to remain within the guidelines because it believed that it could not depart downward." *United States v. Wesley*, 990 F.2d 360, 368 (8th Cir.1993), *citing United States v. Garlich*, 951 F.2d 161, 163 (8th Cir.1991). In other words, where the district court has refused to depart from the guidelines because the court believed that it lacked authority to do so, and not because it merely refrained from exercising its discretion, the decision is subject to appellate review. *See United States v. Chatman*, 986 F.2d 1446, 1448 (D.C.Cir.1993); *United States v. Poff*, 926 F.2d 588, 591 (7th Cir.) (en banc), *cert. denied*, 502 U.S. 827, 112 S.Ct. 96, 116 L.Ed.2d 67 (1991).

Section 5K2.13 cannot, by its terms, provide a basis for downward departure unless the offense was "non-violent" and the defendant was suffering from a "significantly re-

---

2. U.S.S.G. § 5K2.13 provides:
   If the defendant committed a non-violent offense while suffering from significantly reduced mental capacity not resulting from voluntary use of drugs or other intoxicants, a lower sentence may be warranted to reflect the extent to which reduced mental capacity contributed to the commission of the offense, provided that the defendant's criminal history does not indicate a need for incarceration to protect the public.

duced mental capacity not resulting from voluntary use of drugs or other intoxicants." In the present case, the district court specifically stated that it had "reviewed all of the medical and psychological information supplied to it and [could] not conclude that the defendant was acting with a 'significantly reduced mental capacity.'" Sentencing Memorandum at 8. Jackson has not challenged this finding. The failure of Jackson, however, to satisfy this prerequisite, without more, makes him ineligible for a § 5K2.13 departure. While the district court further considered whether the crime was a "nonviolent offense," we need not address Jackson's argument that the district court improperly engaged in a categorical analysis because Jackson has failed to challenge a finding which, on its own, made § 5K2.13 inapplicable. Moreover, we note that, in making its finding on mental capacity, the district court was not under any mistaken belief about the scope of its discretion.

Accordingly, we affirm the judgment of the district court.