No. 95-2638

UNITED STATES OF AMERICA,      *
                               *
        Plaintiff-Appellee,    *   Appeal from the United
                               *   States District Court
    v.                         *   for the Western District
                               *   of Missouri.
PETER LAWRENCE MAYOTTE,        *
                               *
        Defendant-Appellant.   *

                  Submitted:  January 9, 1996

                     Filed:  February 12, 1996

Before MAGILL, REAVLEY[*] and Hansen, Circuit Judges.

REAVLEY, Circuit Judge.

     Peter Lawrence Mayotte pleaded guilty to bank robbery in
violation of 18 U.S.C. § 2113(a).  The district court[1] accepted his
plea and sentenced him to 37 months imprisonment and 3 years of
probation.  Mayotte appeals the district court's denial of his
motion for downward departure.  We affirm.

---

        [*]The HONORABLE THOMAS M. REAVLEY, United States Circuit
        Judge for the United States Court of Appeals, Fifth
        Circuit, sitting by designation.

        [1]The Honorable Howard F. Sachs, United States District Court
for the Western District of Missouri.

On August 29, 1994, Mayotte entered the North American Savings Bank in Gladstone, Missouri.  He approached a teller and presented her with a paper sack and a note which stated, "Give me 100's, 50's, 20's, no tricks, you have ten seconds or I'll shoot everybody."  The teller placed currency and a dye pack into the paper sack.  Mayotte fled the bank to an awaiting taxicab.  Before reaching the cab, the dye pack exploded and Mayotte dropped the money.  Mayotte was arrested in the taxi on his way home.

Mayotte suffered from bipolar affective disorder (manic depression) and post-traumatic stress syndrome.  Prior to the bank robbery, Mayotte had voluntarily ceased taking lithium which had been prescribed for his mental condition.  He filed a motion for sentence reduction under U.S.S.G. § 5K2.13, alleging that his criminal conduct was the result of his diminished capacity.  The district court determined that the diminished capacity was a result of Mayotte's voluntary cessation of consuming his prescribed medication and denied the motion.  Mayotte asserts the court erred. Because Mayotte was not eligible for the downward departure based on diminished capacity, we affirm.

## II.

We review de novo the district court's application of the sentencing guidelines. United States v. Premachandra, 32 F.3d 346, 348 (8th Cir. 1994).  The guidelines and policy statements do not apply to Mayotte's situation.  Section 5K2.13 of the United States Sentencing Guidelines provides:

> If the defendant committed a non-violent offense while suffering from significantly reduced mental capacity not resulting from the voluntary use of drugs or other intoxicates, a lower sentence may be warranted to reflect the extent which reduced mental capacity contributed to

the commission of the offense, provided that the
defendant's criminal history does not indicate a need for
incarceration to protect the public.

The first requirement in Section 5K2.13 is that the offense be "non-violent." The phrase "non-violent offense" is not defined in the guidelines. However, the term "crime of violence" is defined in Section 4B1.2 of the sentencing guidelines. We believe that a "non-violent offense" necessarily excludes a "crime of violence."[2] This decision is consistent with a majority of the circuits who have considered whether the terms "crime of violence" and "non-violent offense" are mutually exclusive. United States v. Poff, 926 F.2d 588 (7th Cir.)(en banc), cert. denied, 112 S.Ct. 96 (1991); United States v. Russell, 917 F.2d 512, 517 (11th Cir. 1990), cert. denied, 111 S.Ct. 1427 (1991); United States v. Borrayo, 898 F.2d 91, 94 (9th Cir. 1990); United States v. Rosen, 896 F.2d 789, 791 (3d Cir. 1990); United States v. Maddalena, 893 F.2d 815, 819 (6th Cir. 1989); contra United States v. Weddle, 30 F.3d 532, 537-40 (4th Cir. 1994); United States v. Chatman, 986 F.2d 1446, 1448-53 (D.C.Cir. 1993).

Therefore, if Mayotte committed a "crime of violence" he is not eligible for a "diminished capacity" reduction. Robbery is specifically listed as a crime of violence in Application Note 2, because robbery requires the "use, attempted use, or threatened use

---

[2]

Mayotte asserts that in Premachandra, we adopted the district court's "surrounding facts and circumstances test" to determine whether a crime was "non-violent." We disagree. In Premachandra and later in United States v. Jackson, we chose not to decide the question before us today, whether the terms "nonviolent offense" and "crime of violence" are mutually exclusive, because in each of those cases the district court had specifically found that the offense was violent. Jackson, 56 F.3d 959, 961 (8th Cir. 1995)(the failure of Jackson to challenge the district court's determination that the offense was violent was fatal to his claim that he was eligible for a downward departure); Premachandra, 32 F.3d at 348 (because the offense was violent, and the district court so held, we declined to address whether the terms were mutually exclusive).

of physical force against the person of another."  U.S.S.G. § 4B1.2; <u>see</u> 18 U.S.C. § 2113(a)(bank robbery requires a taking "by force and violence, or by intimidation").  Mayotte's commission of the offense of bank robbery precludes any "diminished capacity" reduction in his sentence.

Affirmed.

A true copy.

Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.