# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

———————

No. 96-3036

———————

United States of America,

        Appellee,

   v.

Derrick Wayne Walker,

        Appellant.

\* \
\* \
\* \
\* Appeal from the United States \
\* District Court for the \
\* Eastern District of Arkansas. \
\* \
\* [UNPUBLISHED] \
\*

———————

Submitted: April 7, 1997

Filed: April 16, 1997

———————

Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.

———————

PER CURIAM.

After a jury found Derrick Wayne Walker guilty of bank robbery and using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2114(d) and 924(c)(1), the district court[1] sentenced him to 105 months imprisonment and three years supervised release. On appeal, counsel has filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), raising a number of potential errors in the pretrial, trial, and sentencing proceedings. We affirm.

**Pretrial Errors.** Initially, counsel argues that the district court erred in denying a defense motion to suppress the pre-trial

———————

[1]The Honorable Stephen M. Reasoner, Chief Judge, United States District Court for the Eastern District of Arkansas.

identification of Walker and any resultant in-court identification testimony.[2]  We disagree.  Upon our review of the record, including suppression-hearing testimony that the witnesses were presented with photographic lineups on separate occasions, and that the officers did not suggest which photo to select, we agree with the district court that the identification procedures were not unduly suggestive.  See United States v. Johnson, 56 F.3d 947, 953 (8th Cir. 1995).  We also agree with the court that Walker waived any complaint about the photograph used in the lineup by failing to raise the issue during his suppression hearing.  See Fed. R. Crim. P. 12(b)(3); Fed. R. Crim. P. 12(f).

**Trial Errors.**  As the only African-American venireperson the government struck knew one of the government's witnesses, we reject counsel's argument that the district court erred in finding that the government had articulated a race-neutral reason for the strike.  See United States v. Gibson, 105 F.3d 1229, 1231-32 (8th Cir. 1997) (standard of review); see also Purkett v. Elem, 115 S. Ct. 1769, 1771 (1995) (per curiam); United States v. Williamson, 53 F.3d 1500, 1509 (10th Cir.) (reason was race-neutral where prospective juror was acquainted with witness), cert. denied, 116 S. Ct. 218 (1995).

Next, we reject counsel's challenge to the sufficiency of the evidence against Walker.  Viewing the evidence in the light most favorable to the verdict and granting the government every reasonable inference, we conclude there was sufficient evidence for a reasonable fact-finder to conclude Walker committed the crimes

---

[2]Walker's motion to suppress physical evidence is moot as the challenged physical evidence was not introduced at trial.  See Fed. R. Crim. P. 52(a); United States v. Arias-Villanueva, 998 F.2d 1491, 1502 (9th Cir. 1993); United States v. Brown, 584 F.2d 252, 255 (8th Cir. 1978).

charged. See United States v. Triplett, 104 F.3d 1074, 1080 (8th Cir. 1997). The evidence against Walker included the testimony of two bank-teller eyewitnesses that a man robbed the bank at gunpoint, that Walker was the robber, and that a dye pack was included with the robbery money. Additionally, Walker paid his motel bill with dye-stained money, and Walker's acquaintances and relatives testified Walker stole a pistol and car for use in the robbery, talked about the robbery, and possessed dye-stained money.

We also reject counsel's argument that the district court abused its discretion in admitting an out-of-court statement Walker made to a motel employee. See Fed. R. Evid. 801(d)(2)(A); United States v. Darden, 70 F.3d 1507, 1528 (8th Cir. 1995), cert. denied, 116 S. Ct. 1449, and cert. denied, 116 S. Ct. 2567 (1996). Further, we see no abuse of discretion in the district court's denial of Walker's request for a mistrial, which Walker made after the prosecutor referred to Walker's probable-cause hearing while cross-examining a defense witness. Defense counsel objected before the prosecutor made any reference to whether probable cause was found; read in context, it does not appear that the question was intended to adduce inadmissible evidence; the question was not duplicated; and the jury was admonished to disregard it. See United States v. Hale, 1 F.3d 691, 694 (8th Cir. 1993).

Counsel also claims that the district court erred in accepting an Eighth Circuit instruction concerning attempts to influence witnesses. Because a government witness testified at trial that Walker asked him to retract his previous statements to the government implicating Walker in the robbery, we conclude the district court did not abuse its discretion in submitting the instruction. See Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit, No. 4.09 & Comments (West 1996); Gibson, 105 F.3d at 1233; cf. United States v. Hall,

565 F.2d 1052, 1055 (8th Cir. 1977) (per curiam) (attempt to influence witness is admissible evidence and jury determines what weight to give it).

**Sentencing Errors.** Finally, counsel argues that the district court erred in refusing to grant Walker's motion for a downward departure based on "a one-time act of serious crime." We see the district court's refusal to depart downward as an unreviewable exercise of discretion. See United States v. Jackson, 56 F.3d 959, 960 (8th Cir. 1995). In any event, Walker's robbery was not an aberrant act under our cases. See United States v. Premachandra, 32 F.3d 346, 349 (8th Cir. 1994). Further, because the sentence imposed falls within the Guidelines range to which Walker did not object, he may not argue the court erred in sentencing him in the middle of that range. See United States v. Garrido, 38 F.3d 981, 986 (8th Cir. 1994).

After reviewing the record in accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues.

Accordingly, we affirm the judgment of the district court. Counsel's motion to withdraw is granted.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-