United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-2562

_____

United States of America,  *
                           *
        Appellee,          *
                           * Appeal    from    the    United
States
    v.                     * District Court for the
                           * Western    District    of
Arkansas.
Brent Loy,                       *
                           *          [UNPUBLISHED]
        Appellant.         *

_____

                             Submitted:  October 27, 1997

                              Filed:  December 29,
1997

_____

Before McMILLIAN, BEAM, and MORRIS SHEPPARD ARNOLD,
Circuit Judges.

_____

PER CURIAM.

    After Brent Loy pleaded guilty to possessing with
intent to distribute marijuana, in violation of 21 U.S.C.
§ 841(a)(1), the district court[1] sentenced Loy to 60
months imprisonment and three years supervised release.
Loy appeals his sentence, arguing that the district court

---

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court
for the Western District of Arkansas.

erred in including in his drug quantity 200 pounds of marijuana attributed to him in his presentence report (PSR), in denying him an acceptance-of-

responsibility adjustment, and in denying him a downward departure based upon his health problems.

Loy waived at sentencing his objection to the PSR's attribution to him of the 200 pounds of marijuana, which was based upon a statement Loy gave to an investigator; hence, he cannot now challenge that fact, see United States v. Hipolito-Sanchez, 998 F.2d 594, 596 (8th Cir. 1993) (per curiam), and the district court did not clearly err in its drug quantity determination, see United States v. LaRoche, 83 F.3d 958, 959 (8th Cir. 1996). It also appears that Loy abandoned his objection to the denial of an acceptance-of-responsibility reduction, but in any event, the district court did not clearly err in denying Loy the adjustment, as he continued to use drugs during pretrial supervision. See United States v. Byrd, 76 F.3d 194, 195 (8th Cir. 1996); United States v. Poplawski, 46 F.3d 42, 43 (8th Cir.), cert. denied, 515 U.S. 1109 (1995). As to Loy's downward departure argument, we cannot review the district court's decision not to depart, as its remarks at sentencing sufficiently evince its recognition of its authority to do so. See United States v. Jackson, 56 F.3d 959, 960-61 (8th Cir. 1995).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-