133 F.3d 923
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Brent LOY, Appellant.
 No. 97-2562.
 United States Court of Appeals, Eighth Circuit.
 Submitted Oct. 27, 1997.
Decided Dec. 29, 1997.
 
 Before McMILLIAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 After Brent Loy pleaded guilty to possessing with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), the district court[1] sentenced Loy to 60 months imprisonment and three years supervised release. Loy appeals his sentence, arguing that the district court erred in including in his drug quantity 200 pounds of marijuana attributed to him in his presentence report (PSR), in denying him an acceptance-of-responsibility adjustment, and in denying him a downward departure based upon his health problems.
 
 
 2
 Loy waived at sentencing his objection to the PSR's attribution to him of the 200 pounds of marijuana, which was based upon a statement Loy gave to an investigator; hence, he cannot now challenge that fact, see United States v. Hipolito-Sanchez, 998 F.2d 594, 596 (8th Cir.1993) (per curiam), and the district court did not clearly err in its drug quantity determination, see United States v. LaRoche, 83 F.3d 958, 959 (8th Cir.1996). It also appears that Loy abandoned his objection to the denial of an acceptance-of-responsibility reduction, but in any event, the district court did not clearly err in denying Loy the adjustment, as he continued to use drugs during pretrial supervision. See United States v. Byrd, 76 F.3d 194, 195 (8th Cir.1996); United States v. Poplawski, 46 F.3d 42, 43 (8th Cir.), cert. denied, 515 U.S. 1109 (1995). As to Loy's downward departure argument, we cannot review the district court's decision not to depart, as its remarks at sentencing sufficiently evince its recognition of its authority to do so. See United States v. Jackson, 56 F.3d 959, 960-61 (8th Cir.1995).
 
 
 3
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas