# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1477

_____

United States of America,                    *
                                             *
                    Appellee,                *     Appeal from the United States
                                             *     District Court for the District
          v.                                 *     of Minnesota.
                                             *
Bright Idada Falodun,                        *          [UNPUBLISHED]
                                             *
                    Appellant.               *

_____

Submitted:   December 15, 2003

Filed:   December 22, 2003

_____

Before MORRIS SHEPPARD ARNOLD, HEANEY, and FAGG, Circuit Judges.

_____

PER CURIAM.

Bright Idada Falodun appeals his convictions for conspiracy to commit bank fraud, bank fraud, access device fraud, possession of five or more false identification documents, and possession of fifteen or more unauthorized access devices. Falodun also appeals his sentence. We affirm.

Falodun first contends the district court[*] should have held an evidentiary hearing on the issue of his competence. When a district court has "sufficient doubt about the defendant's competence," due process requires the district court to hold a competency hearing. United States v. Premachandra, 32 F.3d 346, 347 (8th Cir. 1994). Here, Falodun wrote directly to the magistrate judge several times expressing discontent with his counsel. The district court granted Falodun's motion for appointment of new counsel, and Falodun continued to complain about his new attorney to the magistrate judge. In one letter, Falodun referred to conspiracies against him including his poisoning by a police officer. The defense hired a psychologist to evaluate Falodun's competency to stand trial, and the psychologist concluded Falodun was competent to stand trial because he understood the nature of the proceedings and could participate in his own defense. Although Falodun's letters to the court provide evidence that might warrant a departure from the usual presumption of competency, see Branscomb v. Norris, 47 F.3d 258, 261 (8th Cir. 1995), given the psychologist's observations, there is not "sufficient doubt" about Falodun's competency to stand trial. Thus, the district court properly declined to hold a competency hearing.

Falodun next asserts the search warrant for his garages was not supported by probable cause. We disagree. The search warrant affidavit collectively discusses Falodun's apartment and the two garages he rented there. The same probable cause justifying the search of Falodun's apartment justified the search of his garages. Further, the affiant indicated Falodun owned two vehicles, used his car in committing his fraud, and kept evidence of bank fraud inside the car. The district court had a substantial basis for concluding Falodun's garages contained evidence of fraud. United States v. Dixon, 51 F.3d 1376, 1381 n.4 (8th Cir. 1995).

---

[*]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

As for his sentence, Falodun asserts the district court committed clear error in finding Falodun and his coconspirator intended to inflict a loss of $3,846,385.82, the face amount of the checks he deposited into the fraudulent bank accounts and the amounts he and his coconspirators transferred via telephone into the fraudulent accounts. See U.S.S.G. § 2B1.1(b)(1)(J) (providing for offense level increases depending on amount of loss in fraud cases). Loss under § 2B1.1(b)(1) is the either actual loss or intended loss, whichever is greater. Id. n.2(A). Actual loss means reasonably foreseeable pecuniary harm, and intended loss means the pecuniary harm that was intended to result from the offense. Id. n.2(A)(i)-(ii). We conclude the district court's loss finding is not clearly erroneous. United States v. Geevers, 226 F.3d 186, 193 (3d Cir. 2000). There is no evidence any of the defendants stopped trying to withdraw money from the fraudulent accounts before the financial institution detected the fraud. Because Falodun was the leader and organizer of the entire fraud, the actions of his coconspirators was foreseeable to him and the district court properly held Falodun accountable for their conduct. Id. § 1B1.3(a)(1).

We thus affirm Falodun's conviction and sentence.

_____