# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 24-1334

———————————————

United States of America

*Plaintiff - Appellee*

v.

Isaac Herrera

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Northern District of Iowa - Western

——————————

Submitted: October 8, 2024
Filed: October 11, 2024
[Unpublished]

——————————

Before LOKEN, SMITH, and KOBES, Circuit Judges.

——————————

PER CURIAM.

Isaac Herrera appeals the district court's[1] judgment entered upon his guilty plea to sexual exploitation of a child. His counsel has moved to withdraw, and has filed

---

[1] The Honorable Leonard T. Strand, then Chief Judge, now United States District Judge for the Northern District of Iowa.

a brief under Anders v. California, 386 U.S. 738 (1967), challenging the district court's denial of his motion to withdraw his plea, and arguing that the sentence is substantively unreasonable and that the appeal waiver should not be enforced because Herrera was incompetent to plead guilty and enter into the plea agreement.

Upon careful review of the record, we conclude that the district court did not clearly err in finding that Herrera was competent during the plea hearing, as Herrera confirmed that he understood the proceedings, and he conferred with his attorney several times and testified that he was satisfied with his representation. See United States v. Pacheco, 641 F.3d 970, 973-74 (8th Cir. 2011); United States v. Rollins, 552 F.3d 739, 741-42 (8th Cir. 2009); United States v. Premachandra, 32 F.3d 346, 348 (8th Cir. 1994). As to the voluntariness of the plea, Herrera testified during the plea hearing that nobody had threatened him and that his plea was voluntary; and he moved to withdraw his plea more than 4 months after the court accepted it, and he did not provide details of the alleged threats he received. See Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985). Thus, we conclude that Herrera's decision to plead guilty and enter into the plea agreement was done knowingly and voluntarily, and that the court did not err in denying his motion to withdraw the plea. See United States v. Eller, 955 F.3d 730, 733-34 (8th Cir. 2020); United States v. Green, 521 F.3d 929, 931 (8th Cir. 2008). We further conclude that the appeal waiver is valid, enforceable, and applicable to the sentencing issue raised by counsel. See United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010); United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc).

We have also independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal outside the scope of the appeal waiver. Accordingly, we affirm the district court's order denying Herrera's motion to withdraw his guilty plea, dismiss the remainder of the appeal, and grant counsel's motion to withdraw.

_____

-2-