**UNITED STATES of America, Appellee,**

v.

**Rene TOIRAC, Appellant.**

**No. 90–1258.**

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 27, 1990.
Decided Oct. 19, 1990.

---

**12**

Steven K. Warbasse, Cedar Rapids, Iowa, for appellant.

Janet L. Petersen, Cedar Rapids, Iowa, for appellee.

Before McMILLIAN, WOLLMAN and BEAM, Circuit Judges.

McMILLIAN, Circuit Judge.

Rene Toirac appeals from a final judgment entered in the District Court [1] for the Northern District of Iowa finding him guilty, pursuant to a plea agreement, of failure to appear for trial in violation of 18 U.S.C. § 3146. The district court sentenced Toirac to 24 months imprisonment, to be served consecutively to a sentence of 87 months imprisonment for conspiracy in violation of 21 U.S.C. § 846.[2] For reversal,

Toirac argues the district court erred in failing to make a specific finding of fact as to whether he had accepted responsibility for failing to appear. For the reasons discussed below, we affirm the judgment of the district court.

Toirac was part of a conspiracy to transport cocaine into Iowa. According to the presentence report, Toirac's co-conspirators transported approximately 496 grams of cocaine in 1986 and approximately 880 grams of cocaine in 1987. Toirac was initially charged with one count of conspiracy to possess and distribute cocaine. He pleaded not guilty and was released on bail pending trial. He did not appear for trial and was later arrested on a bench warrant in California. The government then filed a superseding four-count indictment charging him with conspiracy to possess 500 or more grams of cocaine with intent to distribute, two counts of using a communication facility to facilitate drug offenses, and willful failure to appear for trial. Toirac pleaded guilty to all four counts.

The presentence report established Toirac's base offense level for the drug offenses as 26, based on approximately 1,375 grams of cocaine, and added 3 points under Guidelines § 3B1.1(a) because Toirac was a manager or supervisor of criminal activity involving five or more participants. The presentence report established the base offense level for the failure to appear offense as 6 under Guidelines § 2J1.6 and added 9 points under Guidelines § 2J1.6(b)(1) because the underlying offense (the drug conspiracy) was punishable by death or imprisonment for 15 years or more. The presentence report also noted that Antonio Alvarez, a co-owner of Toirac's business and a potential defendant in charges arising out of the same drug offenses, had threatened to harm Toirac's mother and wife if Toirac cooperated with the government.

The presentence report also recommended no downward adjustment for ac-

---

1. The Honorable David R. Hansen, United States District Judge for the Northern District of Iowa.

2. The district court also sentenced Toirac to two 48–month terms of imprisonment for two

counts of using a communication facility to facilitate drug offenses in violation of 21 U.S.C. § 843(b), (c). The 48–month terms were to be served concurrently with one another and with the 87–month term for conspiracy.

ceptance of responsibility for the drug offenses because Toirac denied that he had a financial stake in the distribution and maintained that he was only helping a friend. The presentence report also recommended no downward adjustment for acceptance of responsibility for the failure to appear offense. For the failure to appear offense, the applicable guideline sentencing range was 18–24 months (total offense level of 15, criminal history category I); with a 2 point downward adjustment for acceptance of responsibility, the applicable guideline sentencing range would have been 12–18 months.

Toirac filed written objections to several aspects of the presentence report. He denied knowing some of the co-conspirators or profiting from transporting cocaine and stated that some of the drug transactions had not occurred. Toirac objected to the recommendation in the presentence report about acceptance of responsibility for the drug offenses (¶¶ 33, 42), but he did not specifically object to the recommendation about acceptance of responsibility for the failure to appear offense (¶ 50).

At the sentencing hearing Toirac reiterated his objections and argued that he failed to appear for trial because of Alvarez's threats. The district court expressly denied a downward adjustment for acceptance of responsibility for the drug offenses and implicitly adopted the recommendation for the failure to appear offense by not granting a downward adjustment. This appeal followed.

██ Toirac argues the district court erred in failing to make an explicit finding on the acceptance of responsibility for the failure to appear offense. Toirac argues that there was no doubt that acceptance of responsibility was a disputed issue. Acceptance of responsibility was a disputed issue but only with respect to the drug offenses, not the failure to appear offense. Fed.R.Crim.P. 32(c)(3)(D) provides that the district court shall, "as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing." Rule 32 does not obligate a district court to make a finding or determination unless the defendant asserts with specificity and clarity each factual mistake of which he or she complains. *See, e.g., United States v. Rodriguez,* 897 F.2d 1324, 127–28 (5th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 158, 112 L.Ed.2d 124 (1990). Because Toirac did not specifically object to the recommendation in the presentence report that he receive no downward adjustment for acceptance of responsibility on the failure to appear offense, the district court was not required to make a specific finding of fact on that issue.[3]

Accordingly, we affirm the judgment of the district court.

---

3. Toirac also failed to properly preserve the issue of his acceptance of responsibility for the failure to appear offense by not presenting it to the district court. *See, e.g., United States v. Benson,* 836 F.2d 1133, 1135 (8th Cir.1988) (matters not brought to attention of district court at time of sentencing hearing are not preserved for appellate review).