24 F.3d 243
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES OF AMERICA, Appellee,
v.
Joel Kirk TRACY, Appellant.
 No. 93-3530.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 2, 1994.
Filed: May 6, 1994.
 
 Appeal from the United States District Court for the Northern District of Iowa.
 Before BOWMAN, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Joel K. Tracy appeals his 58-month sentence imposed by the district court[1] after he pleaded guilty to a drug offense. We affirm.
 
 
 2
 Tracy pleaded guilty to conspiracy to distribute marijuana and cocaine, in violation of 21 U.S.C. Secs. 841(a)(1), 846. At sentencing, Tracy told the district court that he had "mixed up" his years during debriefing, and that he had become involved in the conspiracy in April 1988-not in April 1987 as reported in the presentence report (PSR). The district court ordered the PSR to be amended wherever necessary to reflect that Tracy's involvement in the conspiracy began in April 1988. The court set the applicable sentencing range at 108 to 135 months, but granted the government's substantial-assistance motion and sentenced Tracy to 58 months imprisonment and four years supervised release, and ordered Tracy to pay restitution.
 
 
 3
 On appeal Tracy argues that, because the PSR described conduct occurring before April 1988, the district court should have made factual findings about whether drug quantities assigned to that conduct would be considered in calculating his base offense level. He argues that the district court thus violated Federal Rule of Criminal Procedure 32(c)(3)(D) (district court must make finding as to controverted matter in PSR, or determination that finding is unnecessary because matter will not be considered in sentencing). We disagree.
 
 
 4
 When Tracy raised his objection at sentencing, the district court asked Tracy whether he disputed the drug quantities reflected in the PSR. Tracy stated that he did not, and he assured the court that he felt the quantities were still substantially correct. The government agreed that language in the PSR describing conduct occurring between April 1987 and August 1987 should be changed to substitute "1988" for "1987" but expressed its view that the drug quantities were based on Tracy's debriefing and were accurate. After the district court ordered the PSR amended to change the date Tracy became involved in the conspiracy, the court asked Tracy whether he wished to raise any other disputes. Tracy stated that he did not. Under these circumstances, we see no Rule 32 violation. See United States v. Toirac, 917 F.2d 11, 13 (8th Cir. 1990) (district court not obligated to make Rule 32 finding or determination unless defendant "asserts with specificity and clarity each factual mistake of which he or she complains").
 
 
 5
 Because the district court's remarks at sentencing amended the PSR, we instruct the court to append the sentencing transcript and this opinion to the PSR. See Fed. R. Crim. P. 32(c)(3)(D) (written record of findings and determinations must be appended to PSR); United States v. Miller, 951 F.2d 164, 166 (8th Cir. 1991) (per curiam).
 
 
 6
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Michael J. Melloy, Chief Judge, United States District Judge for the Northern District of Iowa