---

No. 95-1505

---

United States of America,      *
                             *
       Appellee,              *
                             * Appeal from the United States
         v.                  * District Court for the
                             * Eastern District of Missouri.
John A. Allen, Sr.,             *
                             *
       Appellant.           *

---

Submitted:  January 10, 1996

Filed:  February 6, 1996

---

Before BEAM and MORRIS SHEPPARD ARNOLD, Circuit Judges, and KYLE,[*] District Judge.

---

MORRIS SHEPPARD ARNOLD, Circuit Judge.

In mid-1994, John Allen was indicted in federal district court on one count of conspiracy, one count of misuse of a social security number, and multiple counts of mail fraud, wire fraud, and money laundering in connection with the establishment of four companies that collected premiums to pay for health insurance but in fact failed to provide such insurance. Pursuant to a plea agreement with the government, Mr. Allen pleaded guilty to three counts of the indictment and was sentenced in early 1995

---

[*]The HONORABLE RICHARD H. KYLE, United States District Judge for the District of Minnesota, sitting by designation.

to 36 months in prison.  He appeals his sentence.  We affirm the judgment of the district court.[1]

I.

The presentence report on Mr. Allen calculated the loss to the victims to be $2,745,400 (all numbers are rounded) -- premiums of $2,000,000 and outstanding claims of $745,400.  Under the federal sentencing guidelines, a loss to the victims of more than $2,500,000 requires an increase in base offense level of 13 levels. See U.S.S.G. § 2F1.1(b)(1)(N).  Taking into account that increase and various other adjustments not at issue for the purposes of this opinion, the district court determined that the appropriate sentencing range for Mr. Allen under the guidelines was between 41 and 51 months (level 22).  Responding to a government motion for departure from the guidelines range based on substantial assistance to the government by Mr. Allen, however, see U.S.S.G. § 5K1.1(a), the district court sentenced Mr. Allen to 36 months in prison.

Mr. Allen contends on appeal that he objected to the calculation of loss to the victims but that the district court failed to make the findings on that "controverted matter" required by Fed. R. Crim. P. 32(c)(1).  Mr. Allen asserts, therefore, that his sentence should be vacated and that his case should be remanded for resentencing.  See, e.g., United States v. Furst, 918 F.2d 400, 401, 408 (3d Cir. 1990).  The government responds, however, that Mr. Allen failed to object clearly and specifically enough to the calculation of loss to the victims and, accordingly, that the district court was entitled to rely on the figures included in the presentence report.  See, e.g., United States v. Saffeels, 39 F.3d 833, 838 (8th Cir. 1994), and United States v. Toirac, 917 F.2d 11, 13 (8th Cir. 1990).

---

[1]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

Mr. Allen filed no written objections with the district court. At the sentencing hearing, Mr. Allen's lawyer stated that he had "explained to Mr. Allen some things regarding the determination of the dollar amount used to reach ... the total offense level" and that he had "pointed out to Mr. Allen that the amount of money that had been received by the company is the determiner." The district court then asked Mr. Allen himself if he had any "changes or corrections" to the presentence report. Mr. Allen stated that there was "no mention" of deductions for amounts legitimately paid out -- for either the few health insurance policies that the companies in question did buy or the claims that were paid. The district court asked what those deductions would be. In response, Mr. Allen said that he was "guessing" but proffered a total of $132,000.

Subsequently, Mr. Allen said that he had "one other thing" and stated that he "never received anything" from two of the companies in question. "That would be my objection," he continued, evidently concerned about whether the amounts received by those companies were included in the calculation of loss to the victims that was used in his presentence report. Those amounts were in fact included in the loss calculation, according to the government.

That inclusion was proper, as a matter of law. Mr. Allen stipulated in his plea agreement that he and two co-defendants formed both of those companies and that he was "to share equally in the profits" from both of those companies. Under the sentencing guidelines, the calculation of loss to the victims used in determining the offense level of an individual defendant who has participated in a "jointly undertaken criminal activity" is to include "all reasonably foreseeable acts ... of others ... that occurred during the commission of the offense of conviction." See U.S.S.G. § 1B1.3(a)(1)(B) and application note 2, illustration (c)(2); see also U.S.S.G. § 1B1.1, application

note 1(l) (definition of "offense" is "the offense of conviction and all relevant conduct under § 1B1.3"), and U.S.S.G. § 2F1.1, application note 6 ("cumulative loss produced by a common scheme ... should be used in determining the offense level, regardless of the number of counts of conviction").

It appears to us that Mr. Allen's second "objection" was actually an inquiry with respect to a question of law -- i.e., whether the amount of loss to the victims, for purposes of determining his offense level, depended on how much of the proceeds he personally received.  Under the sentencing guidelines, the answer to that question, in light of the stipulations in Mr. Allen's plea agreement, was that the amount of money paid by the victims to any of the four companies in question, plus the amount of money owed to the victims for outstanding claims -- and not the amount of money received by Mr. Allen individually -- were the critical figures.  We therefore do not consider that inquiry to have concerned the type of factual dispute contemplated by Fed. R. Crim. P. 32(c)(1).

The only "objection" by Mr. Allen of the type contemplated by the rule was, then, his initial statement that there was "no mention" of deductions for legitimate expenses incurred by the companies in question.  We assume, without deciding, that that statement was specific and clear enough, see, e.g., United States v. Toirac, 917 F.2d at 13, to amount to an objection under Fed. R. Crim. P. 32(c)(1).  Even so, the district court's failure to make a specific finding with respect to that objection amounted to harmless error, because a deduction of $132,000 from the previously calculated figure of $2,745,400 still leaves more than $2,500,000 as the amount of loss.  In other words, even if the district court had considered Mr. Allen's objection and had made a specific finding favorable to him on that objection, the appropriate sentencing guidelines range would have been unchanged.  Indeed, the

-4-

district court recognized that point, remarking that "accepting [Mr. Allen's] point of view ... would not alter the ultimate calculation of the total offense level." Under these circumstances, we reject Mr. Allen's argument that the district court's failure explicitly to follow Fed. R. Crim. P. 32(c)(1) requires a remand for resentencing.

## II.

Mr. Allen also argues that the figure of $2,745,400 for the amount of loss to the victims was not supported by anything other than the presentence report and, therefore, that it was improper for the district court to rely on that figure. Mr. Allen would have a better argument if he had in fact objected to that figure. What he objected to, however, was that no deductions had been made for legitimate expenses of the companies in question. He never contended that the victims had not paid $2,000,000 in premiums or that the victims did not have $745,400 in outstanding claims.

"Under our cases, a district court is clearly permitted to accept as true all factual allegations contained in the [presentence report] that are not specifically objected to by the parties." United States v. Beatty, 9 F.3d 686, 690 (8th Cir. 1993). The district court was therefore entirely proper in using the figure of $2,745,400 that was given in the presentence report.

## III.

Mr. Allen contends as well that using the figures from the presentence report violated his confrontation clause rights under the sixth amendment. That argument is foreclosed by our ruling in United States v. Wise, 976 F.2d 393, 401 (8th Cir. 1992) (en banc), cert. denied, 113 S. Ct. 1592 (1993).

IV.

The indictment charged Mr. Allen with twelve counts of mail fraud, two counts of wire fraud, and one count of conspiracy, all derived from his activities with the companies in question. Under his plea agreement with the government, Mr. Allen pleaded guilty only to one count of mail fraud in relation to those activities, and the government stipulated that it would not prosecute him "for offenses ... which are related to or arose out of the operation of" those companies. Mr. Allen now contends that the government breached that agreement by allowing the allegations of the other counts to be considered as relevant conduct in calculating the amount of loss to the victims.

Mr. Allen himself stipulated, however, that the offenses to which he pleaded guilty were "subject to" the sentencing guidelines. Those guidelines require that all relevant conduct be considered, see U.S.S.G. § 1B1.1, application note 1(l), "regardless of the number of counts of conviction," see U.S.S.G. § 2F1.1, application note 6. The sentencing court, moreover, is not bound by the stipulations in a plea agreement in "determin[ing] the facts relevant to sentencing." See U.S.S.G. § 6B1.4(d); see also U.S.S.G. § 6B1.2(a) ("a plea agreement that includes the dismissal of a charge or a plea agreement not to pursue a potential charge shall not preclude the conduct underlying such charge from being considered under the [sentencing guidelines] provisions" related to relevant conduct). We therefore reject Mr. Allen's argument that the government breached its plea agreement with him.

V.

For the reasons stated, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.