**UNITED STATES of America, Appellee,**

v.

**Lawrence Fay LaROCHE, Appellant.**

No. 95–3415.

United States Court of Appeals,
Eighth Circuit.

Submitted April 16, 1996.

Decided May 13, 1996.

Stanley E. Whiting, Winner, SD, argued, for appellant.

Michelle Tapken, Sioux Falls, SD, argued, for Appellee.

Before FAGG, BOWMAN, and HANSEN, Circuit Judges.

PER CURIAM.

Lawrence Fay LaRoche appeals the sentence imposed by the district court[1] after he pleaded guilty to aggravated sexual abuse, in violation of 18 U.S.C. §§ 1153 and 2241(c). For reversal, LaRoche argues the district court erred by relying on "contested" facts in the presentence report (PSR) as the basis for assessing the use-of-force enhancement under U.S.S.G. § 2A3.1(b)(1). We affirm.

LaRoche's PSR recommended a four-level increase under section 2A3.1(b)(1) because he used force and threats to commit the instant offense. LaRoche objected to the recommended enhancement, and to the factual statements contained in paragraphs four and five of the PSR. At sentencing, the district, relying on the unchallenged factual allegations contained in paragraphs six, seven, and ten of LaRoche's PSR, found that LaRoche had used force and threats to commit the instant offense, and overruled LaRoche's objection.[2] The district court sentenced La-Roche to 235 months imprisonment and five years supervised release.

Section 2A3.1(b)(1) states that "[i]f the offense was committed by the means set forth in 18 U.S.C. § 2241(a) or (b) ... increase by 4 levels." Section 2241(a) includes the act of causing another person to engage in a sexual act by using force against that person, see 18 U.S.C. § 2241(a)(1), or by threatening or placing the other person in fear that any person will be subject to death, serious bodily injury, or kidnapping, see 18 U.S.C. § 2241(a)(2).

A district court may accept as true all factual allegations contained in the PSR that are not specifically objected to by the parties. *United States v. Montanye*, 996 F.2d 190, 192–93 (8th Cir.1993) (en banc). Because LaRoche did not specifically object to the factual allegations contained in paragraphs six, seven, and ten of the PSR, we conclude the district court did not err by relying on those paragraphs in assessing the challenged enhancement. *See United States v. Beatty*, 9 F.3d 686, 690–91 (8th Cir.1993).

Moreover, we conclude the district court did not clearly err in assessing the use-of-force enhancement. *See United States v. Saknikent*, 30 F.3d 1012, 1013 (8th Cir.1994) (standard of review). The uncontested facts show that LaRoche forced the victim to perform various sexual acts, that he threatened her with retaliation if she told anyone about the abuse, and that the victim feared retaliation by LaRoche. *Cf. United States v. Knife*, 9 F.3d 705, 706–07 (8th Cir.1993) (evidence that defendant weighing 210 pounds lay on victim, held her down during contact, and told her not to tell or " 'he would do more' "; that victim felt defendant's presence physically threatening; that victim continued to fear defendant after leaving his home; and that defendant struck victim, though not during sexual conduct, was more than sufficient to show offense was committed by use of force or threat).

Accordingly, we affirm the judgment of the district court.

---

1. The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

2. Consistent with the government's plea-agreement obligation, the Assistant United States Attorney declined the court's invitation to present evidence at the sentencing hearing.