_____

No. 96-2095

_____

United States of America,          *
                                    *
          Appellee,                 *
                                    *  Appeal from the United States
     v.                             *  District Court for the
                                    *  Eastern District of Arkansas.
Fred Stephen McCaslin,              *
                                    *        [UNPUBLISHED]
          Appellant.               *

_____

          Submitted:  October 25, 1996

          Filed:  November 26, 1996

_____

Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.

_____

PER CURIAM.


     Fred S. McCaslin challenges the sentence imposed by the District
Court[1] after he pleaded guilty to conspiring to possess methamphetamine
with intent to distribute.  We affirm.


     According to the presentence report (PSR), a search of McCaslin's and
a codefendant's residence uncovered roughly 18.5 grams of methamphetamine
and two loaded semiautomatic pistols.  McCaslin was "directly connected"
to over 31 kilograms of methamphetamine, but the government stipulated that
for sentencing purposes, he was accountable for 1 to 3 kilograms.  The PSR
assessed a two-level increase under U.S. Sentencing Guidelines Manual
§ 2D1.1(b)(1) (1995), because McCaslin possessed the firearms "in
connection with" his drug-trafficking activities.

_____

     [1]The Honorable Susan Webber Wright, United States District
Judge for the Eastern District of Arkansas.

In a letter to the probation officer, McCaslin's counsel objected to the section 2D1.1(b)(1) increase, asserting that there was no evidence McCaslin had possessed any firearm during his drug-trafficking activities and that the increase could not be imposed absent evidence that McCaslin had actively used the guns. At sentencing, although counsel briefly mentioned that the guns were never tied to any type of drug deal and that there was not a clear showing of ownership, he primarily argued that under Bailey v. United States, 116 S. Ct. 501 (1995), a defendant had to actively use a gun to be held accountable for it. The District Court concluded Bailey was inapplicable, overruled the objection, and sentenced McCaslin to 262 months imprisonment and five years supervised release.

McCaslin now contends the District Court erred in assessing the two-level increase, because the government offered no evidence that he possessed the guns in connection with his criminal activity and the Court failed to make a finding on this disputed fact.

A two-level increase is appropriate if the government proves by a preponderance of the evidence that the defendant possessed a dangerous weapon and it is not clearly improbable the weapon was connected with the offense. See U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) & comment (n.3) (1995); United States v. Betz, 82 F.3d 205, 210 (8th Cir. 1996). McCaslin did not dispute that the firearms were found with the drugs at his residence during the period of the conspiracy to which he pleaded guilty. Those undisputed facts were sufficient to support the section 2D1.1(b)(1) increase. See United States v. LaRoche, 83 F.3d 958, 959 (8th Cir. 1996) (per curiam) (district court entitled to accept as true factual statements in PSR to which defendant does not object); United States v. Tauil-Hernandez, 88 F.3d 576, 580 (8th Cir. 1996) (in conspiracy case, sufficient nexus for § 2D1.1(b)(1) increase established if weapons found in same location as drugs or where part of conspiracy occurred); United States v. Hiveley, 61 F.3d

1358, 1363 (8th Cir. 1995) (per curiam) (proof of connection between firearms and criminal activity does not require showing defendant used or touched gun; constructive possession will suffice); see also United States v. Thomas, 93 F.3d 479, 488 n.5 (8th Cir. 1996) (stating that Bailey does not affect application of § 2D1.1(b)(1)).  The District Court was not obligated to make a factual finding on the matter McCaslin now raises, because he did not make a clear and specific objection as to that issue. See United States v. Toirac, 917 F.2d 11, 13 (8th Cir. 1990).

Accordingly, the judgment of the District Court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.