108 F.3d 1377
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Emmanuel ORUCHE, Defendant-Appellant.
 No. 95-1741.
 United States Court of Appeals, Sixth Circuit.
 March 12, 1997.
 
 Before: GUY, RYAN, and SUHRHEINRICH, Circuit Judges.
 RYAN, Circuit Judge.
 
 
 1
 We are asked to decide in this case whether 1) the defendant is entitled to specific performance of a Rule 11 plea agreement that was rejected by the district court as an inappropriate interference with the court's sentencing discretion; and 2) the defendant is entitled to be resentenced because the district court failed to make the requisite findings of fact concerning the defendant's objections to portions of the presentence report.
 
 
 2
 The answer to both questions is no and, therefore, the judgment of conviction and the sentence will be affirmed.
 
 I.
 
 3
 The defendant, Emmanuel Oruche, pursuant to a Rule 11 plea agreement, entered a plea of guilty to one count of conspiracy to possess with intent to distribute and to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The plea agreement provided, among other things, for a 36-month sentencing cap. At the guilty plea hearing, the district court declared that the plea agreement was authorized under Rule 11 but that the court would reserve its right to later accept or reject the agreement based upon a completed PSR, and adjourned the plea hearing. Meanwhile, the government filed a motion pursuant to U.S.S.G. § 5K1.1 requesting that, because of Oruche's substantial assistance in the case before the court and in other matters, he be sentenced to a term of confinement not to exceed 36 months.
 
 
 4
 At the subsequent plea acceptance/sentencing hearing, the district court declared that it would not accept the Rule 11 plea agreement because the 36-month cap "in effect removes or obviates any discretion on the Court's part regarding the matter of sentencing, and under those circumstances, I will not approve the Rule 11 agreement." The district court asked the defendant whether he wished to withdraw his guilty plea. Defense counsel advised the court that the defendant did not wish to do so, but requested a continuance so that counsel might discuss with the defendant the "options available to him."
 
 
 5
 The government and the defendant then entered into a new Rule 11 agreement that was in all material respects the same as the first agreement, with the important difference that the sentencing cap was raised from 36 months to 135 months. This new cap reflected the applicable sentencing guideline range of 120 to 135 months. In the new agreement, the government continued to recommend a sentence not to exceed 36 months. When the adjourned sentencing hearing resumed, the government moved for a downward departure based on Oruche's substantial assistance. At the hearing, in an extensive colloquy with the defendant, the court satisfied itself that the defendant entered into the new Rule 11 plea agreement voluntarily, understood its provisions, and appreciated that the district court was not bound by the government's sentencing recommendations. In due course, the court accepted the defendant's plea of guilty and accepted the revised Rule 11 plea agreement. The court then sentenced the defendant to a period of incarceration of 50 months, well below the guideline range of 120 months to 135 months recited in the PSR and the new Rule 11 plea agreement.
 
 II.
 
 6
 The defendant now claims that the district court "abused its discretion" in rejecting the original Rule 11 agreement and, as a consequence, the defendant is entitled to specific performance of the agreement under Santobello v. New York, 404 U.S. 257 (1971). The defendant's argument is that when the district judge stated, with respect to the first Rule 11 agreement, that he reserved his right "to accept or reject this agreement until [he received] a presentence report," and later rejected the agreement because it was an unsatisfactory interference with the court's sentencing discretion, the court thereby abused its discretion, entitling Oruche to specific performance of the first plea agreement.
 
 
 7
 Santobello simply does not speak to the situation present here. In Santobello, the Court announced the following rule in a case in which a plea agreement had been based on an oral promise by the prosecutor not to recommend any particular sentence, which promise was later reneged upon by the first prosecutor's replacement:
 
 
 8
 This phase of the process of criminal justice, and the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.
 
 
 9
 ....
 
 
 10
 ... The ultimate relief to which petitioner is entitled we leave to the discretion of the state court, which is in a better position to decide whether the circumstances of this case require only that there be specific performance of the agreement on the plea ... or whether ... the circumstances require granting the petitioner ... the opportunity to withdraw his plea of guilty.
 
 
 11
 Id. at 262-63 (emphasis added).
 
 
 12
 The short answer to the plaintiff's assignment of error is that it is without merit and borders the frivolous. The defendant acknowledges that the district court did not accept the defendant's proffered plea of guilty under the original plea agreement, preferring instead to await preparation of a PSR. When the report was presented to the court, together with the government's motion for a downward departure and the defendant's sentencing memorandum, the court reiterated that it was not accepting the defendant's guilty plea and adjourned the sentencing for several weeks to afford the defendant an opportunity to review his "options." Since the defendant's original guilty plea offer was not accepted by the court, the original plea agreement was a nullity and there is no ground to order its specific performance. See United States v. Livingston, 941 F.2d 431, 436 (6th Cir.1991). Moreover, when the new plea agreement was entered, the defendant, upon careful questioning by the court, indicated that he was satisfied with the new plea agreement and requested that the court accept his plea of guilty pursuant to it. See United States v. Holman, 728 F.2d 809, 813 (6th Cir.1984).
 
 III.
 
 13
 The defendant claims that the district court, in accepting the defendant's guilty plea, failed to comply with Rule 32 of the Federal Rules of Criminal Procedure in failing to make appropriate findings as to the defendant's specific objections to the PSR or, alternatively, to determine that "no finding is necessary because the controverted matter will not be taken into account in, or will not affect, sentencing." Fed.R.Crim.P. 32(c)(1).
 
 
 14
 The defendant identifies four specific matters concerning which, he claims, the court failed to make adequate findings. Our review of the first three claimed errors, however, simply does not reflect that the defendant ever made the type of objection to the PSR that invoked the court's obligations under Rule 32(c)(1). See United States v. Allen, 75 F.3d 439, 441 (8th Cir.1996).
 
 
 15
 The first of the defendant's objections is to the statement in the PSR that the defendant had used three Social Security numbers in the course of employing three separate aliases. The defendant offered nothing to dispute these representations in the PSR and thus there was no "controverted matter" concerning which the court was obligated to make specific findings pursuant to Rule 32(c)(1).
 
 
 16
 Second, the defendant objects that the district court failed to resolve the defendant's objection to the statement in the PSR that the defendant had "no dependents." The defense counsel represented to the court that in fact the defendant had "a wife and children" and that the report should reflect that fact. In fact, the PSR did reflect that fact, as it stated that the defendant was married to Julie Okorofor Oruche in December 1987; that he lived with his wife in Silver Springs, Maryland; and that he had two children of the marriage, who reportedly resided with their mother in Silver Springs.
 
 
 17
 The defendant's real contention is that the PSR failed to indicate that his wife and children were "dependents" because the probation officer's investigation revealed no evidence that the defendant was actually supporting his wife and children. Defense counsel, however, could not document that the defendant was supporting them, and although the defendant represented that his wife and children were living in a house that was titled in the defendant's name, he does not now claim to have offered any evidence to the court that he was providing any support to them. Thus, once again, the district court was not presented with an objection that required a specific finding of fact under Rule 32(c).
 
 
 18
 Next, the defendant contends that the district court failed "to sufficiently address" the defendant's objection to an assertion in the PSR that the defendant's claim that he was just nine credit hours short of graduation from Texas Southern University could not be credited because the probation officer had not been presented with a "verified" transcript of the defendant's educational record. At sentencing, defense counsel, although arguing that the defendant was indeed just nine credit hours short of graduation, suggested that
 
 
 19
 if there is a question as to the validity of what the defendant is saying, then a reflection could be made, "N.V.", not verified, but at least then we would have the information accurately portrayed in the presentence report.
 
 In response, the district court stated:
 
 20
 All right. Well, the record will indicate that--that you have submitted the information that you--that you relate. The record will also indicate, however, that they're not official transcripts from various institutions, and under those circumstances, although the--the record of these proceedings will show that you have provided that information, it accepts it as not provided as--as official documentation or verified documentation. The objection is overruled. However, again this is a matter that does not affect the sentencing range for the defendant, and your position now regarding his educational background is certainly adequately upon the record.
 
 
 21
 Again, the district court was not confronted with a contradiction of any factual assertion in the PSR which the court was required to resolve through specific findings of fact. To the extent the defendant framed any particular objection, the court acceded to it, and proceeded entirely in accord with his request.
 
 
 22
 Finally, the defendant objects to an assertion in the PSR that when arrested in Marshall, Texas, on an unrelated narcotics violation, he was in possession of 2.61 pounds of cocaine. In fact, the defendant argues, the cocaine weighed only one pound. According to the PSR, the narcotics and their carrier medium was weighed on a supermarket scale, and the indicated weight was 2.61 pounds. Although the record is not clear, apparently it is the defendant's position that more than a pound of the total weight should be attributed to the "carrier medium," the duct tape in which the narcotics were wrapped. The district court observed that "unless it's wrapped in a foot thick of duct tape, which seems rather unlikely, ... the carrying medium, the tape, would be only a matter of ounces...." The court declared that the defendant's objection was "overrule[d]," but that, in all events, "there was no conviction in this matter" and the contested point would "not impact upon the sentencing range under the guidelines at all."
 
 
 23
 The district court might have obviated this point on appeal had it simply declared that it was making a specific finding as to the weight of the cocaine or, alternatively, that it would not take into account the weight of the cocaine in determining the sentence. The court did neither. Rather, it indicated on one hand that it believed that the "duct tape" medium could not account for more than "a matter of ounces," thus seeming to reject the defendant's contention, while on the other hand suggesting that the defendant's point was of no significance in the determination of the sentence. To be sure, the court did not explicitly state the latter; rather, it said that the weight dispute would not "impact upon the sentencing range." (Emphasis added.) Of course it is not the "range" with which the defendant is primarily concerned; it is the specific term of confinement.
 
 
 24
 We conclude, therefore, with respect to this last objection, that the district court failed either to make a specific finding of fact as to the correctness of the assertion contained in the PSR, or, in the alternative, to announce that whatever the truth of the contested point, the matter would not be taken into account in the determination of the sentence, as opposed to the "sentencing range." The district court thus failed to comply with Rule 32(c).
 
 
 25
 Nevertheless, we are satisfied that the court's omissions were harmless error. Faced with a sentencing range of 120 to 135 months' confinement, the district court departed downward 85 months, more than 7 years, from the maximum authorized by the applicable sentencing range. Sentencing leniency of that character strongly suggests that the district court resolved all of the challenged points in the PSR to the defendant's advantage, even if the court did not say so explicitly. Thus, we have no concern that the district court's "error had a 'substantial influence' on the sentencing determination." United States v. Garcia, 78 F.3d 1457, 1465 (10th Cir.1996), cert. denied, 116 S.Ct. 1888 (1996). The court's failure to make a record that indicates plainly its compliance with Rule 32(c) did not result in any prejudice to the defendant.
 
 
 26
 AFFIRMED.