# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 96-3735

_____

United States of America,      *
                                         *

         Appellee,         *

                                       *   Appeal from the United States

    v.                                  *   District Court for the

                                       *   Eastern District of Missouri.

Allie Harper,                  *

                                       *            **[UNPUBLISHED]**

         Appellant.       *

_____

Submitted:  April 7, 1997

Filed:  April 16, 1997

_____

Before McMILLIAN, FAGG, and LOKEN, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Allie Harper challenges the 324-month sentence imposed by the district court[1] following his guilty plea to possessing with intent to distribute in excess of fifty grams of a mixture or substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1).  We affirm.

We reject Harper's contention on appeal that the district court erred in calculating his base offense level absent "proof by a preponderance of the evidence that the form of cocaine base possessed by Harper was actually crack."  Harper did not contend below that the cocaine base he possessed was something other than

_____

[1]The HONORABLE JEAN C. HAMILTON, Chief Judge, United States District Court for the Eastern District of Missouri.

crack cocaine.  Thus, his present challenge is subject to plain error review.  See Fritz v. United States, 995 F.2d 136, 137 (8th Cir. 1993), cert. denied, 510 U.S. 1075 (1994).  We conclude there was no plain error here, as the record demonstrates Harper was aware that he was pleading guilty to an offense involving crack cocaine.  The unchallenged offense conduct portion of Harper's presentence report (PSR) clearly showed that Harper possessed crack cocaine with intent to distribute.  Further, Harper implicitly conceded to the type of cocaine involved by agreeing to the PSR's determination of his base offense level.  See United States v. LaRoche, 83 F.3d 958, 959 (8th Cir. 1996) (per curiam) (district court entitled to accept as true factual statements in PSR to which defendant does not object).  Finally, Harper's objection at sentencing to the enhanced penalties for crack versus powder cocaine revealed his awareness that his plea was to a crack-cocaine offense.  Cf. United States v. Bush, 70 F.3d 557, 562 (8th Cir. 1996) (10th Cir. 1995) (sentencing for cocaine base upheld where clear from defendant's admissions that he intended to plead guilty to offense involving cocaine base, not cocaine powder), cert. denied, 116 S. Ct. 795 (1996).  Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-