**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 96-1053
_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Western District of Missouri. |
| Keith J. Gatlin, | * |
| | * [UNPUBLISHED] |
| Appellant. | * |

_____

Submitted: December 2, 1996

Filed: June 25, 1997
_____

Before BEAM, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.

Keith Gatlin pleaded guilty to conspiring to distribute cocaine and cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) and 846, and conspiring to launder money, in violation of 18 U.S.C. § 1956(h). The district court[1] sentenced Gatlin to 121 months imprisonment and five years supervised release, and he appeals. Counsel filed

_____

[1]The Honorable Russell G. Clark, United States District Judge for the Western District of Missouri.

a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967). Gatlin filed a pro se supplemental brief with our permission. We affirm.

We reject Gatlin's challenge to the district court's drug-quantity calculation. Absent plain error, Gatlin cannot now challenge this calculation because he failed to object to the quantity determination in the presentence report (PSR) either before or at sentencing. <u>See</u> <u>United States v. Karam</u>, 37 F.3d 1280, 1285 (8th Cir. 1994), <u>cert. denied</u>, 115 S. Ct. 1113 (1995). We find no plain error in the district court's drug-quantity determination based upon the factual statements in the PSR. <u>See</u> <u>United States v. Hill</u>, 91 F.3d 1064, 1072 (8th Cir. 1996) (defining plain error); <u>United States v. LaRoche</u>, 83 F.3d 958, 959 (8th Cir. 1996) (per curiam) (district court entitled to accept as true factual statements in PSR to which defendant does not object).

We requested Gatlin's counsel to submit a supplemental brief in this case addressing whether Gatlin's prior Eastern District of Missouri conviction barred a part of the instant prosecution based on double jeopardy. Having carefully reviewed the record, counsel's supplemental brief, and a second pro se brief submitted by Gatlin, we now conclude the indictment does not raise double jeopardy concerns on its face, and thus a double-jeopardy claim lacks merit. <u>See</u> <u>United States v. Vaughan</u>, 13 F.3d 1186, 1188 (8th Cir.), <u>cert. denied</u>, 511 U.S. 1094 (1994).

Having reviewed the record, we find no other nonfrivolous issues. <u>See</u> <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988). Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.