116 F.3d 1484
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Keith J. GATLIN, Appellant.
 No. 96-1053.
 United States Court of Appeals, Eighth Circuit.
 Submitted December 2, 1996
Filed June 25, 1997
 
 Appeal from the United States District Court for the Western District of Missouri.
 Before BEAM, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 
 PER CURIAM
 
 1
 Keith Gatlin pleaded guilty to conspiring to distribute cocaine and cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) and 846, and conspiring to launder money, in violation of 18 U.S.C. § 1956(h). The district court[1] sentenced Gatlin to 121 months imprisonment and five years supervised release, and he appeals. Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Gatlin filed a pro se supplemental brief with our permission. We affirm.
 
 
 2
 We reject Gatlin's challenge to the district court's drug-quantity calculation. Absent plain error, Gatlin cannot now challenge this calculation because he failed to object to the quantity determination in the presentence report (PSR) either before or at sentencing. See United States v. Karam, 37 F.3d 1280, 1285 (8th Cir.1994), cert. denied, 115 S.Ct. 1113 (1995). We find no plain error in the district court's drugquantity determination based upon the factual statements in the PSR. See United States v. Hill, 91 F.3d 1064, 1072 (8th Cir.1996) (defining plain error); United States v. LaRoche, 83 F.3d 958, 959 (8th Cir.1996) (per curiam) (district court entitled to accept as true factual statements in PSR to which defendant does not object).
 
 
 3
 We requested Gatlin's counsel to submit a supplemental brief in this case addressing whether Gatlin's prior Eastern District of Missouri conviction barred a part of the instant prosecution based on double jeopardy. Having carefully reviewed the record, counsel's supplemental brief, and a second pro se brief submitted by Gatlin, we now conclude the indictment does not raise double jeopardy concerns on its face, and thus a double-jeopardy claim lacks merit. See United States v. Vaughan, 13 F.3d 1186, 1188 (8th Cir.), cert. denied, 511 U.S. 1094 (1994).
 
 
 4
 Having reviewed the record, we find no other nonfrivolous issues. See Penson v. Ohio, 488 U.S. 75, 80 (1988). Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Russell G. Clark, United States District Judge for the Western District of Missouri