# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 98-3994

———————

United States of America,         *
         *
        Appellee,         *
         *   Appeal from the United States
    v.         *   District Court for the
         *   District of Minnesota
Tyrone Parrish Douglas, also known as   *
Troy Love,         *       [UNPUBLISHED]
         *
        Appellant.         *

———————

Submitted:   April 21, 1999

Filed:  May 17, 1999

———————

Before McMILLIAN, LOKEN, and MURPHY, Circuit Judges.

———————

PER CURIAM.

Tyrone P. Douglas appeals from the final judgment entered in the District Court[1] for the District of Minnesota after he pleaded guilty to distributing .2 grams of cocaine base ("crack") within 1,000 feet of real property comprising a protected area, in violation of 21 U.S.C. §§ 841(a)(1) and 860. The district court sentenced appellant to 37 months imprisonment and six years supervised release. For reversal appellant

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

argues that he was entitled to a reduction in his offense level because he was a minor participant in the offense. For the following reasons, we affirm.

A defendant is entitled to a decrease in his offense level if he was a "minor participant." See U.S. S.G. § 3B1.2(b) (1998). "[A] minor participant means any participant who is less culpable than most other participants, but whose role could not be described as minimal." Id. § 3B1.2, comment. (n.3) (1998). Guidelines § 3B1.2 as a whole permits "adjustment for a defendant who plays a part in committing the offense that makes him 'substantially less culpable than the average participant.'" United States v. West, 942 F.2d 528, 531 (8th Cir. 1991) (quoted statute omitted). The defendant bears the burden of proving he is entitled to reductions in his offense level, and the district court's denial of a Guidelines § 3B1.2 reduction should be reversed only if it is clearly erroneous. See United States v. Alaniz, 148 F.3d 929, 937 (8th Cir.), cert. denied, 119 S. Ct. 604 (1998).

We believe the district court did not clearly err in finding that Douglas failed to make a showing that he was less culpable than the average participant. The presentence report's (PSR) description of the offense conduct in this case, which Douglas did not contest, indicates he was the only participant in the offense. See United States v. Snoddy, 139 F.3d 1224, 1231 (8th Cir. 1998) (defendant convicted of "sole-participant" offense may be entitled to mitigating role reduction if relevant conduct for which defendant would otherwise be accountable involved more than one participant, and defendant's culpability for such conduct was relatively minor compared to that of other participant or participants); United States v. LaRoche, 83 F.3d 958, 959 (8th Cir. 1996) (per curiam) (district court may accept as true all factual allegations contained in PSR that are not specifically objected to by parties). To the extent Douglas is asserting that the district court believed it was without authority to grant such a reduction because Douglas's offense was a "sole-participant offense," after reviewing the sentencing transcript we reject this argument.

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.