# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2529

_____

United States of America,      *

     *

         Appellee,      *

     *    Appeal from the United States

v.      *    District Court for the

     *    Eastern District of Missouri.

Stanley Harris, Jr.,      *      [UNPUBLISHED]

     *

         Appellant.      *

_____

Submitted: June 2, 1999

Filed: June 10, 1999

_____

Before WOLLMAN, Chief Judge, RICHARD S. ARNOLD, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Stanley Harris, Jr., pleaded guilty to possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii). The district court[1] sentenced Harris to 188 months imprisonment and 5 years supervised release. This appeal followed. After counsel moved to withdraw pursuant to Anders v. California,

_____

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

386 U.S. 738 (1967), we granted Harris permission to file a pro se supplemental brief. We now grant counsel's motion to withdraw, and we affirm.

In his Anders brief, counsel first suggests that the district court erred by applying a two-level increase for possession of firearms under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (1998). However, a firearm-possession enhancement "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S. Sentencing Guidelines Manual § 2D1.1, comment. (n.3) (1998). We conclude that the district court did not clearly err by finding, based on uncontested facts in the presentence report (PSR), that the weapon found with drugs in a kitchen cabinet was sufficiently connected with the offense. See United States v. Howard, 169 F.3d 1127, 1130 (8th Cir. 1999) (standard of review); United States v. LaRoche, 83 F.3d 958, 959 (8th Cir. 1996) (per curiam) (district court may accept as true all factual allegations contained in PSR not specifically objected to by parties); see also United States v. Payne, 81 F.3d 759, 763 (8th Cir. 1996) (temporal and spatial nexus between drugs and weapon existed where weapon was found in same location as drugs or where part of conspiracy took place).

Counsel also suggests that the district court erred in calculating Harris's criminal history score. Having reviewed the calculations based on uncontested information in the PSR, we conclude the district court did not clearly err. See U.S. Sentencing Guidelines Manual §§ 4A1.1(b), 4A1.2(a)(2), 4A1.2(k)(1) & comment. (n.3) (1998); United States v. Milton, 153 F.3d 891, 897 n.4 (8th Cir. 1998), cert. denied, 119 S. Ct. 1082 (1999); see also United States v. Bartolotta, 153 F.3d 875, 879 (8th Cir. 1998) (standard of review), cert. denied, 119 S. Ct. 850 (1999).

As for Harris's pro se assertions that his counsel was ineffective, the record is undeveloped on that issue and this appeal does not warrant departure from the general rule that ineffective-assistance claims should be presented in a 28 U.S.C. § 2255 proceeding. See United States v. Santana, 150 F.3d 860, 863 (8th Cir. 1998).

-2-

Finally, we have reviewed the record for any nonfrivolous issues and have found none.  See Penson v. Ohio, 488 U.S. 75, 80 (1988).  Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.