Allie HARPER, Petitioner–Appellant,

v.

Maryellen THOMS, Respondent– Appellee.

No. 02–5520.

United States Court of Appeals, Sixth Circuit.

Oct. 22, 2002.

**518**

Before BATCHELDER, COLE, and GIBBONS, Circuit Judges.

Allie Harper, a federal prisoner incarcerated in the Federal Medical Center in Lexington, Kentucky, appeals the district court order denying his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1996, Harper pleaded guilty to possession with intent to distribute over fifty grams of a mixture containing cocaine base in violation of 21 U.S.C. § 841(a)(1). The United States District Court for the Eastern District of Missouri sentenced Harper to 324 months of imprisonment. The Eighth Circuit Court of Appeals affirmed the conviction and sentence in 1997. *United States v. Harper*, No. 96–3735, 1997 WL 182608 (8th Cir. Apr.16, 1997). According to his § 2241 petition, Harper filed a post-conviction action which was denied in June 2001. Harper filed his § 2241 petition in December 2001, raising four claims: (1) he was charged under a constitutionally defective indictment because the indictment failed to include all of the elements of the charged drug offense; (2) he was sentenced for distribution of crack cocaine even though neither the indictment nor the stipulation of facts in his guilty plea specified the type of cocaine base involved; (3) the trial court improperly enhanced his sentence by using the sentencing guidelines for crack cocaine instead of cocaine base; and (4) as a result of the first three claims, his guilty plea was not intelligent or voluntary. The district court screened the petition pursuant to 28 U.S.C. § 2243 and dismissed it. The court held that Harper was not entitled to relief under 28 U.S.C. § 2241 because he did not show

that his remedy under 28 U.S.C. § 2255 was inadequate or ineffective.

In his timely appeal, Harper argues that his guilty plea was not made intelligently or voluntarily because the factual plea failed to state what controlled substance he possessed with the intent to distribute.

This court reviews de novo a district court's judgment dismissing a habeas corpus petition. *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir.1999). Upon review, we conclude that the district court properly dismissed Harper's petition. A federal prisoner may challenge his conviction and the imposition of a sentence under § 2241, instead of § 2255, only if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255 (last clause in fifth paragraph); *United States v. Hayman*, 342 U.S. 205, 223, 72 S.Ct. 263, 96 L.Ed. 232 (1952); *Charles*, 180 F.3d at 755–56. The prisoner has the burden of proving that his remedy under § 2255 is inadequate or ineffective. *Charles*, 180 F.3d at 756.

■ Harper has not shown that § 2255 is an inadequate remedy. He argued that his guilty plea and sentence were invalid because there was insufficient proof that the cocaine base he admitted possessing was crack cocaine. The Eighth Circuit rejected a similar attack on Harper's sentence in his direct appeal. *Harper*, 1997 WL 182608, at *1. Harper has not identified an intervening change in the law that establishes his actual innocence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir.), *cert. denied*, — U.S. ——, 122 S.Ct. 493, 151 L.Ed.2d 404 (2001); *Charles*, 180 F.3d at 757. He admitted possessing cocaine base and is only objecting to the form used for sentencing purposes.

■ Nor is Harper's claim cognizable under § 2241 if construed as brought under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. Although this is a new rule of constitutional law, the rule has not been made retroactive to cases on collateral review. *See In re Clemmons*, 259 F.3d 489, 491 (6th Cir.2001). "[A] new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001). Thus, an *Apprendi* claim cannot be brought under § 2241. In any event, the sentencing court's use of the crack cocaine sentencing enhancement did not increase the penalty beyond the statutory maximum. Under 21 U.S.C. § 841(b)(1)(A)(iii), a conviction involving fifty grams or more of a mixture which contains cocaine base carries a sentence of ten years to life imprisonment. Harper's 324–month sentence is clearly below the maximum. The district court properly denied Harper's petition.

For the foregoing reasons, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.