# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1834

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　Plaintiff - Appellee,　　*
　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　 *　District Court for the
　　　　　　　　　　　　　　　　　*　District of South Dakota.
Frankie Lee Chappell,　　　　　　 *
　　　　　　　　　　　　　　　　　*　　　[UNPUBLISHED]
　　　　　Defendant - Appellant.　 *

_____

Submitted:　November 20, 2003

Filed: December 30, 2003

_____

Before MURPHY, LAY, and BRIGHT, Circuit Judges.

_____

PER CURIAM.

Frankie Lee Chappell appeals his jury conviction on four counts of aggravated sexual abuse of minors. He also appeals the district court's[1] imposition of three sentencing enhancements, resulting in a mandatory life sentence. On appeal, Chappell challenges the district court's decision to allow the government to present testimony from two victims regarding uncharged sexual abuse by Chappell that occurred at approximately the same time as the charged incidents. He also challenges

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

the district court's computation of his criminal history and increase in his offense level for use of force, custody or care of the victim, and obstruction of justice.

The district court acted within its discretion in allowing evidence of uncharged sexual abuse conduct by Chappell. United States v. Gabe, 237 F.3d 954, 959 (8th Cir. 2001) (standard of review). Second, the district court did not err in determining Chappell's criminal history category. United States v. Lopez-Arce, 267 F.3d 775, 778-79 (8th Cir. 2001) (standard of review).

We conclude that the evidence was sufficient to permit the sentencing judge to enhance Chappell's offense level relating to his care or custody of the victim, obstruction of justice, and the use of force. United States v. Kessler, 321 F.3d 699, 702-03 (8th Cir. 2003) (standard of review); see also United States v. Brown, 330 F.3d 1073, 1079 (8th Cir. 2003) (care or custody); United States v. Brooks, 174 F.3d 950, 958-59 (8th Cir. 1999) (obstruction of justice enhancement); United States v. LaRoche, 83 F.3d 958, 959 (8th Cir. 1996) (district court does not err in finding use of force in relying on unobjected factual matters contained in the PSR). The imposition of Chappell's sentence, though harsh, is authorized by the sentencing guidelines.

Accordingly, we affirm. See 8th Cir. R. 47B.

_____